BUILDING INSULATORS, INC. *v.* STUART, et al.

No. 42111          January 22, 1962          136 So. 2d 613

*Webb & Webb,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellees.

JONES, J.

Appellees sued appellant for damages. From a judgment in the Circuit Court of Washington County in favor of appellees, this appeal is had.

The basis of the suit is succinctly stated in the declaration and we quote paragraphs 2, 3 and 4 thereof:

"2.   On or about the 16th day of August, 1960, Plaintiffs, who were the owners of a residence located at 335 Cannon Street in Greenville, Mississippi, contracted with the Defendant to install fiberglas insulation in their residence at a cost of $315.00, including all material and labor furnished by Defendant. A copy of said contract, which is executed in writing, is hereto attached as Exhibit 'A' to this declaration and made a part hereof. Shortly after the execution of said agreement and during the month of August, 1960, Defendant's agents and representatives undertook to do the insulation work contemplated by said contract, which among other things, involved the laying of four (4) inches of blown fiberglas in the attic of plaintiffs' residence. Preparatory to commencement of said work Defendant's agents and representatives were informed that the Plaintiffs had stored in the attic all of their winter family clothing, consisting of all garments of five people, and also that there was some chairs and other furniture located in the attic, and the necessity of removing the clothing and furniture from the attic was specifically pointed out to the defendant's agents and representatives. The said agents agreed that they would attend to the removal of the clothing and furniture prior to doing the work.

"3.   At a time when Plaintiffs were not at home, the Defendant's agents and representatives entered their premises and proceeded to perform the work of blowing the insulation material into the attic, but they carelessly and negligently failed to remove the family clothing and three bamboo chairs from the attic. On the contrary, Defendant's agents and representatives wilfully

and deliberately exposed to the insulating material, which is made of fine glass, all of Plaintiffs' clothing and articles of furniture which were stored in the attic. As a consequence, four inches of fiberglas was blown upon and into the clothing stored in the attic and upon three bamboo chairs there situated, with the result that said articles of personal property were completely destroyed as far as being useful for the purposes for which they were purchased.

"4. Plaintiffs allege that as a result of the wilful, wanton and gross negligence of Defendant, personal property owned by Plaintiffs, consisting of the clothing for their family of five persons and three bamboo chairs, having a value of $1,888.50, and being more particularly itemized on Exhibit 'B' to this declaration, were irreparably damaged and the value lost to Plaintiffs. In addition, Plaintiffs are entitled to recover punitive damages from the Defendant in the additional sum of $1500.00."

The evidence for the appellees substantiated the case as made by the declaration and the jury returned a verdict for $2,388.50. Attached to the declaration as an exhibit was a printed form of contract or order blank signed by the appellant and Claude L. Stuart, which included as one of the conditions paragraph 1, reading as follows:

"1. The contractor is amply protected with workmen's compensation, public liability and property damage insurance in connection with all work executed by it on the purchaser's premises and assumes all risks incident to the work done by it provided for in such insurance."

Complaint is made here that the court committed error in refusing to sustain appellant's motion to strike this paragraph from the exhibit and also for failure to declare a mistrial on account thereof. The appellees were suing in tort for negligence but in order to show the relationship between them and appellant and the cir-

cumstances on which the duty from appellant to them arose, they attached the contract as an exhibit to the declaration.

This contract had been prepared by appellant and we assume the provision quoted was part of the inducement for the execution of the contract by appellees. Anyway, the question of insurance was voluntarily injected into the matter by the appellant when they inserted same into the contract which appellees had a right to exhibit in the presentation of their case and to show the relationship which created the duty due by appellant to them.

The evidence was ample to go to the jury and the court committed no error in refusing a peremptory instruction.

Complaint is made that there was insufficient proof as to the amount of damages and that the verdict is against the overwhelming weight of the evidence as to damages. The appellee, Mrs. Stuart, had made a list of the property that was destroyed, listing same with the date of purchase, the original cost, the age, condition, and the present value. This list was introduced. Complaint is made that Mrs. Stuart, in testifying as to the list when it came to the value shown, would make a statement such as ''that is what I felt was reasonable'' or ''we are asking $25.00.'' The list, however, was submitted to the jury and the jury had a right to consider this list showing the original cost, the age of the property, its condition and appellees' opinion as to its value, together with the other evidence in the case, and reach their own conclusion as to the amount of the damages. The suit was for actual damages of $1,888.50, and for punitive damages in the additional sum of $1500. The jury returned a verdict in the sum of $2,388.50, and we cannot tell how much of this was for punitive damages and how much for actual damages. The proof, however,

was sufficient to go to the jury for it to determine the amount of damages.

■■■ Complaint is also made of a remark made by the attorney for appellees in his argument to the jury. The bill of exception shows nothing about the argument except the statement complained of, which was, "In clause 1 of this contract, defendant agreed to pay all damages to property on the premises in the course of the work." This is out of context and we are unable to tell how the statement was used or intended by the attorney for appellees. However, the judge of the lower court who heard the entire argument overruled a motion for mistrial on account thereof, and we cannot say that, in view of the evidence and what is before us, he was wrong or that the statement by the attorney for appellees was harmful. The instructions that were given for appellees and defendant clearly told the jury that they would have to find the appellant guilty of negligence proximately causing the damages before they could return a verdict for appellees. We do not see how the jury could have been misled.

The appellees introduced men experienced in the dry-cleaning work to testify that they had undertaken to remove the fiberglas from the clothes but had been unsuccessful, and they knew of no way to remove fiberglas from clothes such as these. The appellant introduced men experienced in such work to testify that it could be removed. Both of appellant's witnesses testified that they had obtained some fiberglas from the home of appellees and by hand had rubbed it into some woolen material and had then cleaned the goods and removed it. One of them declined to give the method he had used, claiming it as a trade secret.

Objection was made to these experiments on the ground that it was not shown that the fiberglas was applied in the same manner as that which had entered the appellees' clothes. This objection was sustained, but the

court did permit the witness to say that he had had occasion to clean clothes impregnated with fiberglas insulating material and that in his opinion he was able to remove same from the clothes. He was allowed to examine some of the clothes of appellees which it was claimed were ruined and to give his opinion that he could clean same so as to remove the fiberglas. ▮▮ Even if the court were in error in refusing to permit evidence of the experiment (which we do not intimate because these matters are generally within the discretion of the lower court), ▮▮ we cannot say that appellant was harmed thereby when the witnesses were permitted to testify that the fiberglas could be removed.

Affirmed.

*Lee, P.J.*, and *Arrington, McElroy* and *Rodgers, JJ.*, concur.